IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOY RUSHING                                                                                                                      PLAINTIFF

vs.                                  Civil No. 1:17-cv-01050

NANCY A. BERRYHILL                                                                   DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Joy Rushing ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

      The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

      Plaintiff protectively filed her disability applications on June 26, 2014. (Tr. 14). In these applications, Plaintiff alleges being disabled due to degenerative disc disease, respiratory problems, and polyarthritis. (Tr. 250). Plaintiff alleged an onset date February 28, 2013. (Tr. 14). Plaintiff later amended that alleged onset date to October 1, 2013. *Id.* These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

initially and again upon reconsideration. (Tr. 71-113).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on these applications, and this hearing request was granted. (Tr. 36-70). Thereafter, on September 24, 2015, the SSA held an administrative hearing on Plaintiff's applications in Alexandria, Louisiana. *Id.* At this hearing, Plaintiff was present and was represented by Mark Chadick. *Id.* Plaintiff and Vocational Expert ("VE") Harris Rowsey testified at this hearing. *Id.*

On February 25, 2016, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 11-23). The ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2018. (Tr. 16, Finding 1). The ALJ determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") since October 1, 2013, her amended alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, obesity, COPD, bronchitis, and osteoarthritis. (Tr. 16-17, Finding 3).

The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-18, Finding 4). The ALJ determined Plaintiff was thirty-one (31) years old, which is defined as a "younger individual" pursuant to 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 22, Finding 7). As for her education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 22, Finding 8).

The ALJ then evaluated Plaintiff's subjective complaints and assessed her Residual Functional Capacity ("RFC"). (Tr. 18-21, Finding 5). After assessing her subjective complaints,

2

the ALJ determined her allegations were not entirely credible and found she retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant could not work in extreme cold or heat, or environments where she is exposed to dust, fumes, gases, odors, and poorly ventilated work spaces. The claimant could frequently stoop, crawl, bend, reach, finger, handle and climb stairs and ramps. She could sit for one hour continuously, then change position with no work stoppage.

*Id*. The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform her PRW. *Id.*

The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following sedentary, unskilled occupations: telephone quotations clerk with 8,800 such jobs in the state and 997,000 such jobs in the national economy; and assembler with 4,700 such jobs in the state and 229,000 such jobs in the national economy. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 1, 2013 through the date of her decision or through March 1, 2016. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. On June 16, 2017, the Appeals Council denied this request for review. (Tr. 1-3). On August 11, 2017, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 23, 2017. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 24-25. This case is

now ready for decision.

2.  **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 24. Specifically, Plaintiff raises two issues in her appeal brief: (1) the ALJ erred in finding her Alpha-1 Antitrypsin respiratory condition was not a severe impairment; and (2) the ALJ erred by failing to review the medical evidence related to that Alpha-1 Antitrypsin respiratory condition. *Id.* Because the Court finds the ALJ erred by finding her Alpha-1 Antitrypsin respiratory condition was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v.*

*Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

Plaintiff was diagnosed on two separate occasions with Alpha-1 Antitrypsin respiratory condition. (Tr. 402-407, 409, 481). The treatment for this impairment is a Prolastin-C infusion. (Tr. 321). Plaintiff is administered this medication once weekly, and the process for administering this medication takes from one to two hours. *Id.* Plaintiff also reported being sleepy and drowsy an hour after this infusion ends. *Id.* Plaintiff's medical records also indicate she is prone to more rapid deterioration of her lung functioning due to this Alpha-1 Antitrypsin respiratory condition. (Tr. 480).

Despite these findings, the ALJ entirely ignored Plaintiff's Alpha-1 Antitrypsin respiratory condition in her assessment of Plaintiff's severe impairments. (Tr. 16-17, Finding 3). As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon this treatment summary, Plaintiff has presented sufficient evidence demonstrating her impairment

meets that standard. Thus, this case must be reversed and remanded for further consideration of this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE